UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JOHN BRAATEN, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | 3:15-CV-00174-LRH-WGC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NEWMONT USA LIMITED, a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

This case involves a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"). Before the Court is Defendant Newmont USA Limited's ("Newmont") Motion to Dismiss. Doc. #8.[1] Plaintiff John Braaten ("Braaten") filed an Opposition (Doc. #12), to which Newmont replied (Doc. #15). In an Errata following his Opposition, Braaten attached a proposed Amended Complaint. Doc. #14.

**I.   Facts and Background**

Before his termination, Braaten was employed as an underground maintenance general foreman for Newmont for more than twenty-four years. On June 2, 2014, Braaten was charged with destruction of property and driving under the influence of alcohol, both related to an April 3, 2014, motor vehicle incident. On April 7, 2014, Braaten commenced short term disability under Newmont's insurance plan. Braaten was arrested on June 9, 2014, and Newmont learned of the

---

[1] Refers to the Court's docket number.

charges from an article in the newspaper on June 10, 2014.  Braaten entered a guilty plea in the Elko County Justice Court on October 7, 2014.

Newmont's standards of conduct provide: "In the event you are charged with or convicted of a crime you must report that fact to your department and to your human resources representative within five (5) days of being charged or convicted."  Braaten did not report his charges to anyone at Newmont within five days of the June 2, 2014 charges.  Learning of his arrest on June 10, 2014, Newmont called Braaten and scheduled a meeting for June 26, 2014.  Newmont suspended Braaten on this date pending further investigation of its ethics code.  Newmont terminated Braaten's employment on July 7, 2014.  Braaten was fifty-four years old at the time of his termination, and alleges that he planned to work at Newmont until his retirement at sixty-two years of age.  Newmont alleges that he was replaced by a younger employee with equal or less qualifications who would not be eligible to "grandfather" into Newmont's earlier benefits package.

On March 23, 2015, Braaten filed his Complaint alleging age discrimination under the ADEA.  Doc. #1.  On June 18, 2015, Newmont filed its Motion to Dismiss.  Doc. #8.  Following a timely Opposition, Braaten filed a proposed Amended Complaint on July 23, 2015.  Doc. #14.

**II.    Legal Standard**

Newmont seeks dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard.  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The 8(a)(2) pleading standard does not require detailed factual allegations, but a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

///

2

To satisfy the plausibility standard, 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's "judicial experience and common sense," that the defendant is liable for the misconduct alleged. *See id.* at 678-79. The plausibility standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* The "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.    Discussion**

Newmont argues that Braaten fails to allege the prima facie elements of an ADEA claim because the uncontested facts show that he was fired for failure to comply with the company's standards of conduct. Braaten counters that he was not required to report the charges within five days of June 2, 2014, and that a plaintiff is not required to allege that the termination was merely a

3

pretext for discrimination at the pleading stage.  Braaten adds that any deficiency in his Complaint is cured by the proposed Amended Complaint filed on July 23, 2015.

"The ADEA prohibits an employer from, among other things, 'discharging' an employee who is over forty years of age 'because of' the employee's age." *Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (quoting 29 U.S.C. § 623(a)(1), 631(a)).  An age discrimination claim can be based on circumstantial evidence or direct evidence.  *Id.*  ADEA claims based on circumstantial evidence are analyzed under the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).  Under *McDonnell Douglas*, the plaintiff "must first establish a prima facie case of age discrimination." *Id.*  Once this is established, "the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action." *Id.*  If the employer does so, the burden shifts back to plaintiff to "prove that the reason advanced by the employer constitutes mere pretext for unlawful discrimination." *Id.*  To establish a "plausible" prima facie case of age discrimination, plaintiff must allege that: (1) he was at least forty years old; (2) he was performing his job satisfactorily; (3) he was discharged; and (4) he was "either replaced by [a] substantially younger [employee] with equal or inferior qualifications *or* discharged under circumstances otherwise giving rise to an inference of age discrimination." *Sheppard*, 694 F.3d at 1049 (emphasis and alterations in original) (quoting *Diaz*, 521 F.3d at 1207).

Although short, Braaten's Complaint succeeds in alleging a prima facie case of age discrimination.  The Complaint states that: (1) Braaten was fifty-four years old when terminated (Doc. #1 ¶9), (2) he had "an excellent working and attendance record" throughout his twenty-four years of employment (*id.* ¶2); (3) he was terminated on July 7, 2014 (*id.* ¶3); and (4) he "was replaced by a substantially younger individual with equal or less qualifications than Plaintiff" (*id.* ¶7).  The Complaint adds that Braaten is not aware of any other employee terminated or disciplined under Newmont's reporting policy in his twenty-four years of employment.  Doc. #1 ¶6.  In *Sheppard*, the Ninth Circuit denied the defendant's motion to dismiss a complaint that likewise

alleged the bare-bones elements of an ADEA age discrimination claim. 694 F.3d at 1047-48 ("[W]e conclude that Sheppard's amended complaint, while brief, nonetheless satisfies Rule 8(a)(2)'s pleading standard."). Newmont argues that *Sheppard* is distinguishable because unlike Braaten, the employee in *Sheppard* "properly pleaded that she qualified for protection under the ADEA by specifically alleging the facts regarding similarly-situated employees." Doc. #15 at 7. However, although Sheppard indicated that she was the oldest of five comparative employees—the other four of whom kept their jobs—like Braaten she did not identify these employees by name. *Sheppard*, 694 F.3d at 1048. Additionally, the Ninth Circuit emphasized that Sheppard's reference to the employees who kept their jobs supported her claim that younger employees were treated more favorably. *Id.* at 1050. Braaten's allegation that he was replaced by a younger employee with equal or less qualifications achieves the same result and therefore satisfies Rule 8(a)(2). *See* Doc. #1 ¶7.

Newmont's primary argument is that Braaten's age discrimination claim must fail because he did not inform Newmont of the charges against him within five days as required by the company's standards of conduct. However, this argument goes to the company's legitimate nondiscriminatory reason for terminating Braaten, which is an issue that must be resolved at the summary judgment stage. *Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012) (finding that the *McDonnell Douglas* burden-shifting framework applies to ADEA claims at the summary judgment stage). Accordingly, Braaten's failure to notify Newmont does not influence the Court's analysis of whether Braaten met the Rule 8(a)(2) pleading requirements.

Newmont also argues that the Complaint fails to state a claim because it does not give an example of an employee outside of Braaten's protected class who was criminally charged but not subject to the company's reporting requirement. However, the fourth prong of the prima facie case requires plaintiff to allege that he was "either replaced by [a] substantially younger [employee] with equal or inferior qualifications *or* discharged under circumstances otherwise giving rise to an inference of age discrimination." *Sheppard*, 694 F.3d at 1049 (emphasis and alterations in

1  original); *see also Diaz*, 521 F.3d at 1207-08 ("An inference of discrimination can be established
2  by showing . . . that others not in their protected class were treated more favorably."). Because this
3  prong of the prima facie case standard is disjunctive, Braaten must allege *either* that he was
4  replaced by a younger employee with equal or less qualifications, *or* that there are other
5  circumstances that give rise to an inference of discrimination. Because Braaten alleged that he was
6  replaced by a younger employee with equal or less qualifications, he is not required to allege that
7  others outside his class were treated more favorably. Accordingly, the Court denies Newmont's
8  Motion to Dismiss because Braaten has fulfilled the Rule 8(a)(2) pleading requirements for an
9  ADEA claim. *See Sheppard*, 694 F.3d at 1047-48.

10  Despite maintaining that his Complaint properly states a claim under the ADEA, Braaten
11  requests leave to amend his Complaint to add allegations such as: "Others with DUI charges who
12  did not timely report the charges to Defendant were not terminated, and [] at least one of these
13  individuals was outside Braaten's protected class." Doc. #14-1 ¶7. Newmont argues that it would
14  be "virtually impossible" to answer the proposed Amended Complaint because it is vague as to the
15  identity of the "others" who were not subjected to the notice requirement. Doc. #15 at 9. The
16  standard for granting leave to amend is generous, and courts will generally only decline to grant
17  leave to amend if the party opposing amendment shows "bad faith, undue delay, prejudice to the
18  opposing party, futility of amendment," or that the plaintiff has previously amended the complaint
19  without healing its defects. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011)
20  (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also* Fed. R. Civ. P. 15(a)(2)
21  ("The court should freely give leave when justice so requires.").

22  The Court has reviewed Braaten's proposed Amended Complaint and finds that it
23  adequately pleads an ADEA age discrimination claim under Rule 8(a)(2) because it contains the
24  same elements of an age discrimination claim that were in the original Complaint, and includes
25  additional allegations. Although the Amended Complaint does not identify the individual outside
26  Braaten's protected class who did not timely report a criminal charge but was not fired, the

6

allegations in the Amended Complaint are sufficient to put Newmont on notice about Braaten's claim so that they can file an Answer. Accordingly, the Court grants Braaten leave to file his Amended Complaint within seven days of this Order.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Newmont's Motion to Dismiss (Doc. #8) is DENIED.

IT IS FURTHER ORDERED that Braaten's Request for Leave to File an Amended Complaint (Doc. #12; Doc. #14) is GRANTED. Braaten shall file his Amended Complaint within seven (7) days of this Order.

IT IS SO ORDERED.

DATED this 10th day of August, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE